MELVIN R. GOLDMAN (CA SBN 34097)
MGoldman@mofo.com
JAMES P. BENNETT (CA SBN 65179)
JBennett@mofo.com
LORI A. SCHECHTER (CA SBN 139728)
LSchechter@mofo.com
PAUL FLUM (CA SBN 104424)
PaulFlum@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522

Attorneys for Defendant
MCKESSON CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF UTAH,<br><br>             Plaintiff,<br><br>      v.<br><br>MCKESSON CORPORATION,<br><br>             Defendant. | Case No.  CV-10-4743 SI<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MCKESSON'S MOTION TO DISMISS UTAH'S FIRST AMENDED COMPLAINT**<br><br>Hearing Date:  April 8, 2011<br>Time:          9:00 a.m.<br>Courtroom: 10, 19th Floor<br>The Honorable Susan Illston |

Defendant McKesson Corporation ("McKesson") hereby requests that this Court take judicial notice, pursuant to Federal Rule of Evidence 201, of the following:

1.      Report titled "Medicaid Pharmacy - Acquisition Cost of Brand Name Prescription Drug Products" prepared by the Utah Department of Health, Division of Health Care Financing, dated February 1999.  This report is available publicly at http://oig.hhs.gov/oas/reports/region6/69900035.pdf, along with a parallel report concerning the

acquisition cost of generic prescription drug products.  A true and correct copy of the brand name drug report is attached as Exhibit A.

2. Article dated October 6, 2006, from section A-1 of *The Wall Street Journal*, entitled "Health-Care Goldmines:  Middlemen Strike It Rich."  A true and correct copy is attached as Exhibit B.

3. Second Amended Complaint in *Utah v. Apotex Corp.*, No. 080907678 TEM (Utah Dist. Ct.), filed April 1, 2009.  A true and correct copy is attached as Exhibit C.

4. Memorandum Decision concerning Defendants' Motion to Dismiss Utah's Second Amended Complaint in *Utah v. Apotex Corp.*, No. 080907678 TEM (Utah Dist. Ct. Feb. 26, 2010).  A true and correct copy is attached as Exhibit D.

5. Order of Dismissal with Prejudice of the State of Utah's Second Amended Complaint in *Utah v. Apotex Corp.*, No. 080907678 TEM (Utah Dist. Ct. Apr. 8, 2010).  A true and correct copy is attached as Exhibit E.

6. Briefing paper titled "Medicaid Spending: Controlling Costs" prepared by the Utah Office of Legislative Research and General Counsel dated November 2002.  This report is available publicly at http://le.utah.gov/lrgc/briefingpapers/medicaid.pdf.  A true and correct copy is attached as Exhibit F.

7. Utah State Bulletin dated January 15, 2003.  This Bulletin is available publicly at http://www.rules.utah.gov/publicat/bull_pdf/2003/b20030115.pdf.  A true and correct copy is attached as Exhibit G.

Federal Rule of Evidence 201 provides that, upon request, a court may take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."  FED. R. EVID. 201.  The above documents consist of public records of state agencies, news articles and court documents, all of which are properly subject to judicial notice on a motion to dismiss.

Exhibits A, F, and G are publicly available records generated by plaintiff the State of Utah.  As "records of state entities," these documents are properly subject to judicial notice. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004)

1  ("Under Federal Rule of Evidence 201, we may take judicial notice of the records of state
2  agencies and other undisputed matters of public record."); *Kottle v. Northwest Kidney Centers*,
3  146 F.3d 1056, 1064 n.7 (9th Cir. 1998) (holding that state health department records were proper
4  subject of judicial notice and district court's reliance on them did not convert motion to dismiss
5  into summary judgment motion).

6        Exhibit B is a news article published in *The Wall Street Journal*. The Court may take
7  judicial notice of this article for the purpose of evaluating when plaintiffs were on notice of their
8  claims. *See, e.g.*, *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th
9  Cir. 2010) (granting judicial notice of "various newspapers, magazines, and books" to show what
10 was reported and "in the public realm" rather than for the truth of the articles); *Heliotrope Gen.*
11 *Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice of news
12 articles submitted by defendants); *Scognamillo v. Credit Suisse First Boston LLC*, No. C03-2061
13 TEH, 2005 WL 2045807, at *10 (N.D. Cal. Aug. 25, 2005) (taking judicial notice of news articles
14 for purposes of evaluating inquiry notice).

15       Exhibit C, D, and E are pleadings and orders from earlier litigation, *Utah v. Apotex Corp.*,
16 No. 080907678 TEM, brought by the State of Utah against certain drug manufactures in state
17 district court in Salt Lake City, Utah. The Court may take judicial notice of these documents.
18 *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (allowing judicial
19 notice of court filings and other matters of public record); *Skilstaf, Inc. v. CVS Caremark Corp.*,
20 2010 WL 199717, at *2 n.2 (N.D. Cal. Jan. 13, 2010) (granting judicial notice of court filings on
21 motion to dismiss).

22       Accordingly, McKesson respectfully requests that the Court take judicial notice of the
23 above public documents accompanying its motion to dismiss.

| | | |
|---|---|---|
| 1 | Dated: February 11, 2011 | MELVIN R. GOLDMAN |
| 2 | | JAMES P. BENNETT |
| | | LORI A. SCHECHTER |
| 3 | | PAUL FLUM |
| | | MORRISON & FOERSTER LLP |

By:  /s/ Lori A. Schechter
     LORI A. SCHECHTER

Attorneys for Defendant
MCKESSON CORPORATION